[Crim. No. 1856.   First Appellate District, Division Two.—November 20, 1935.]

THE PEOPLE, Respondent, v. SHIELDS LAWSON, Appellant.

Alfred J. Hennessy for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

NOURSE, P. J.—The defendant was indicted on five counts charging five separate burglaries and also a prior conviction on a charge of burglary.  He denied all by plea but at the time of the trial admitted the prior conviction.  On a trial by jury he was convicted on the first three counts and acquitted as to counts four and five.  He brings this appeal from the judgment and from the order denying him a new trial.

The only question raised on the appeal is the sufficiency of the evidence to support the conviction.

Under count one defendant was charged with burglarizing an apartment at 805 Bush Street on December 5, 1934. At that time a fur coat, a bag, and various articles of jewelry and clothing were taken. The door of the apartment had been broken near the lock and an instrument commonly used for that purpose and known as a "jimmy" was found in defendant's possession at the time of his arrest. On the day following the burglary the defendant took the fur coat to a garage on Market Street and arranged for its sale to a girl employed there. He left the coat with the girl, taking a five dollar deposit, and returned the next day when the sale was completed by payment to him of fifteen dollars. At that time he gave her a receipt in full in which he stated that he had obtained the coat from a Los Angeles dealer in ladies' clothing. To this receipt he signed a fictitious name and gave a false address. At the time of his arrest the other articles taken from the apartment were found in his room. When asked for an explanation at that time he gave an evasive answer as to where he procured each of these articles. As to the fur coat, which was recovered some days later, he said he "had lifted it from an automobile".

Count two charges the burglary of an apartment on December 10th of the same year. The defendant was identified as one who was seen prowling about the apartment shortly before the burglary was committed. All the articles taken at that time were found in his possession at the time of the arrest.

Count three charges the burglary of an apartment at 810 Eddy Street on January 14, 1935. At that time a Pekinese dog, a dog basket, and a radio were taken. A few days later defendant sold the dog to another and the dog basket and the radio were found in his possession at the time of his arrest. In this case also the defendant was identified as a man who was seen prowling about the place before the burglary was committed, and, after his arrest, admitted having stolen the dog.

The testimony of the arresting officers as to all three counts was to the effect that when defendant was arrested and charged with the burglaries he either remained mute or gave evasive answers; all his explanations of his possession of the

stolen articles were so unreasonable or impossible that they could not help but disclose to the jury his guilty knowledge of the offenses charged. While the defendant took the stand in his own behalf, his testimony was so fantastic that it could not have borne weight with the jury. Among the circumstances tending to prove the guilt of defendant is the fact that all these burglaries were committed in the same manner and at about the same time of day. The apartments were all entered by means of a "jimmy" and such an instrument was found hidden in defendant's closet when he was arrested.

As is often the case in charges of this nature where the party is not actually seen in the commission of the crime the evidence is to a large extent circumstantial and somewhat fragmentary. The evidence tending to prove an entry under the first count is weak, and appellant argues that it proves no more than possession of the stolen articles. But defendant's admission that he had "lifted" or stolen the fur coat, taken with the proof that it had been stolen from the apartment after the door had been broken, is sufficient with all the circumstantial evidence to sustain the conviction on that count. The identification of defendant under the second and third counts supports the circumstantial evidence of those burglaries and this is sufficient to sustain the verdict on those counts.

The judgment and the order are affirmed.

Sturtevant, J., and Spence, J., concurred.